FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | | |
|---|---|---|
| MUHAMMAD'S PRISON MINISTRY & FRANK HUGHLEY (a.k.a.) Kamali Mensah Muhammad, | ) ) ) ) | D.C. Civ. App. No. 2005-0012 |
| Appellant, | ) ) | Super. Ct. Civ. No. 082/2003 |
| v. | ) ) | |
| DIRECTOR HORACE MAGRAS, WARDEN IRA PHILLIPS, ASST. WARDEN ERIC BROWNE, CHIEF OF SECURITY DERRICK THOMAS; and OFFICER ATMORE FREDERICKS, all in their individual and official capacities as agents of the V.I. Bureau of Corrections, | ) ) ) ) ) ) ) ) ) | |
| Appellees. | ) ) | |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Edgar D. Ross, Judge Presiding

Considered: April 29, 2011
Filed: April 9, 2020

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge[1] of the District Court of the Virgin Islands; and **RAYMOND L. FINCH**, Senior Judge of the District Court of the Virgin Islands.[2]

Attorneys:

**Frank Hughley, *pro se***
St. Croix, U.S.V.I.
  For the Appellant,

**Richard Schrader, Esq. AAG**
St. Croix, U.S.V.I.
  For the Appellees.

---

[1] At the time this appeal was considered, Judge Curtis V. Gómez was the Chief Judge of the District Court of the Virgin Islands.
[2] While Judge Audrey L. Thomas of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sat on the panel that considered this matter, she retired before the decision was issued.

## MEMORANDUM OPINION

**PER CURIAM,**

This matter arises out a Superior Court decision denying the Appellant's damages claim arising from a First Amendment suit. Because the trial court's cursory determination does not give this Court a sufficient record to review, we remand.

## I. FACTUAL AND PROCEDURAL POSTURE

Since December 1, 1995, Appellant Frank Hughley ("Hughley") has been an inmate at the Golden Grove Correctional facility on St. Croix, U.S. Virgin Islands. In 1997, the facility approved a Nation of Islam Prison Ministries Program ("Ministry" or "Program") that Hughley coordinated. The BOC authorized the Ministry to meet on Sunday afternoons from 4:00 p.m.-6:00 p.m. On November 1, 2002, Hughley filed an administrative grievance complaining that, during the allotted time, the Virgin Islands Bureau of Corrections ("BOC") and several BOC officers and administrators were restricting access to the Ministry's Sunday programming.

After Hughley obtained no relief from the BOC, he filed the underlying civil suit with the Superior Court of the Virgin Islands. Hughley averred that BOC officer Atmore Fredericks prevented Hughley and other inmates from attending the program by: telling them that "all program activities were []

cancelled" (*Complaint* at 5); refusing to announce the program to the other inmates (although he would announce Christian church service over the prison's intercom)(*Id.*); and overtly restricting other inmates from attending the Ministry. (*Id.*) Hughley's complaint pled that Fredericks' conduct violated his right to Free Exercise of Religion as guaranteed by the First Amendment and broadly alleged violations of his Fourteenth Amendment rights. He also sought injunctive relief[3] and punitive damages in the amount of $1,000.00 against each defendant in both their individual and official capacities. (*Id.* at 11-12.)

On July 9, 2004, the trial court held a hearing where Hughley testified to the manner in which officer Fredericks restricted prisoners' access to the Ministry. At the conclusion of the hearing, the Superior Court granted Hughley injunctive relief in the form of a cease and desist order directing the director, the warden and the BOC agents to make the Ministry's religious programming available to inmates. (July 9, 2004, Hearing Tr. at 22.) The trial court's verbal cease and desist

---

[3] Specifically, Hughley's prayer for relief called for the defendants to,

> [C]ease their present discriminatory interference of the 're-education' and 're-civilization' of the Blackman and woman under the 'religious' service of Muhammad's Prison Ministry/Study Group unless actual and realistic legitimate penological justification can be shown.

(*Complaint* at 11.)

directive was reduced to writing in a November 18, 2004 order. (Appellant's Brief, Exhibit XI.) From the bench, the Court also orally granted monetary judgment in Hughley's favor against Officer Atmore Fredericks in the amount of $1,000.00 for mental anguish "suffered as a result of being denied his religious right." (July 9, 2004, Hearing Tr. at 22.) The trial court levied the damages award against Fredericks "personally." (*Id.* at 22:3-7.)

On July 12, 2004, the Government filed a motion to reconsider on behalf of the defendants, conceding that the cease and desist order was an appropriate remedy. The Government's motion, however, challenged the monetary judgment as offensive to the Virgin Islands Tort Claims Act. (Appellant's Brief, Exhibit IV.) Hughley later moved for a writ of execution and garnishment of Frederick's wages on the money judgment rendered at the July 2004 hearing. On November 18, 2004, the trial court responded by handwriting "DENIED" on the draft order attached to Hughley's motion for writ of execution and garnishment. (Appellant's Brief, Exhibit IV.) On December 17, 2004, Hughley filed his notice of appeal challenging the trial court's November 18, 2004 decision.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction over the Superior Court's final judgment pursuant to Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a; V.I. CODE ANN. tit. 4, § 33. The standard of review for this Court in examining the Superior Court's application of law is plenary. *See Wexler v. Westfield Bd. of Educ.*, 784 F.2d 176, 181 (3d Cir. 1986). Findings of fact are reviewed on appeal under a clearly erroneous standard of review. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008).

The Superior Court's ruling on the adequacy of damages "will not be disturbed absent a showing of a manifest abuse of discretion by the trial court," *Seafarers Int'l Union of North America v. Thomas*, 42 F. Supp. 2d 547, 555 (D.V.I. App. Div. 1999), for an appellate court's "review of a damage award is 'exceedingly narrow.'" *Semper v. Santos*, 845 F.2d 1233, 1236 (3d Cir. 1988) (quoting *Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030, 1038 (3d Cir. 1987)). Review is plenary, however, when the lower court's decision involves legal application or statutory interpretation. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 344 (V.I. 2007).

## III. ISSUES PRESENTED

Whether the trial court erred in denying the Appellant's request for monetary damages.

## IV.     ANALYSIS

Hughley's complaint prayed for punitive damages. The trial court issued an order awarding Hughley mental anguish damages from the bench. The trial court, however, failed to support its one-thousand dollar ($1,000.00) damage award with any reasoning whatsoever. When the government filed its motion for reconsideration[4], the trial court did not explicitly rule on the motion. Instead, when Hughley moved to execute a writ of assistance against Officer Fredericks for the judgment, the trial judge rendered its final decision by crudely scrawling "DENIED" across the motion.

The sole issue on appeal is the question of monetary damages. Damage awards are subject to a narrow abuse of discretion review. *Semper v. Santos*, 845 F.2d 1233, 1236 (3d Cir. 1988). The court's final decision, however, lacks

---

[4] Local Rule of Civil Procedure 7.4, provides in relevant part that a Court may grant a motion for reconsideration, if it is filed within ten (10) days after the entry of the order or decision and is based on:

1. Intervening change in controlling law;
2. Availability of new evidence; or
3. The need to correct clear error or prevent manifest injustice.

LRCi 7.4 (amended August 2, 2007, now Rule 7.0.3).

sufficient reasoning, explicit fact-finding or evidentiary support to conduct any reasonable appellate review.[5] *Caesar v. FirstBank Puerto Rico*, 2008 U.S. Dist. LEXIS 52809 (D.V.I. App. Div. 2008)(it is well established that for an appellate court to properly exercise its function of reviewing for abuse of discretion, the trial court must make explicit findings).

Jurisdictional concerns amplify the need for the trial court to conduct a more thorough legal analysis and draw clearer factual conclusions. Hughley filed suit against the defendants in both their individual and official capacities. When a party sues the V.I. Government and its agents acting in their official capacity, the V.I. Tort Claims Act, with few exceptions, requires the filing of a Notice of Intention to Sue with the Office of the Governor, within ninety days of an action's accrual.[6] *See* V.I. CODE ANN. tit. 33, § 3410 ("Virgin

---

[5] When a trial court makes findings of fact, "the appellate court must accept the factual determination of the fact finder unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992) (internal citations omitted).

[6] To comply with VITCA pre-filing procedures, a claimant must file a claim or notice of intent with the Office of the Governor. The claimant must also serve a copy upon the Attorney General of the Virgin Islands within 90 days from the accrual of the claim. The notice of intent must comply with the requirements of 33 V.I.C. § 3410 by stating the following:
    (1) Time, when, and place where such claim arose, and
    (2) The nature of the claim, and
    (3) A verification.
*Id.*

Islands Tort Claims Act" or "VITCA"); (Virgin Islands Tort Claims Act). Failure to file a Notice of Intent to Sue, serves as a jurisdictional bar to suit. *See also Quinones v. Charles Harwood Memorial Hospital*, 573 F. Supp. 1101 (D.V.I. 1983). The trial court's hand-scribed ruling did not address this jurisdictional issue or any exceptions thereto.[7]

Hughley also filed this action against the defendants in their individual capacities. From the bench, the trial court held that the damages were levied against Mr. Fredericks "personally." (July 9, 2004, Hearing Tr. at 22.) However, government officials performing discretionary functions are generally shielded from individual liability for civil damages under the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 2738 (1982)(qualified immunity applies to government officials performing official duties insofar as their conduct does not violate clearly established statutory or constitutional rights of which a *reasonable* person would have known). However, the trial court did not speak to questions of qualified immunity from the bench.

---

[7] We acknowledge that subject matter jurisdiction may be raised at any time, including on appeal. However, because the trial court failed to provide an adequate explanation, we are unsure whether the damages were levied against Officer Fredericks in his official capacity or his individual capacity, and consequentially, whether the VI Tort Claims Act applies.

In apparent contrast to the trial court's ruling from the bench, it hand-wrote "DENIED" across Hughley's petition for writ of execution and garnishment against Officer Fredericks. The trial court's "written" ruling failed to address whether Officer Fredericks was immune from this civil suit, and more broadly, failed to specify whether damages were levied against Officer Fredericks in his individual or official capacity. Without a record of these basic determinations, we are incapable of performing an informed review.

Based on the record before us, it is unclear why the trial court seemingly reversed its prior ruling issuing damages from the bench and wrote "DENIED" across Hughley's petition for writ of execution and garnishment.[8] Hence, we do not know whether the court changed its position because it had determined that Fredericks was covered by qualified immunity; whether it determined that Hughley had not sufficiently proven damages; whether it determined that its previous damage award of $1,000.00 was excessive; whether is simply denied the petition for writ of garnishment and allowed Hughley's damages claim to survive; or whether it had some other reason for denying

---

[8] The trial court's denial of Hughley's motion for writ of execution, effectively granted the Government's motion for reconsideration on the question of damages.

Hughley's petition. As such, we find it necessary to remand this matter for further factual finding and legal conclusions. On remand, the Superior Court is directed to provide the factual basis for the trial court's order and to render legal conclusions on the issues of jurisdiction and, if necessary, qualified immunity.[9]

V.  **CONCLUSION**

While we identify with the pressing need to move cases forward, even summary, final determinations must be supported by a minimum quantum of reasoning. We caution the lower court against exercising the type of shorthand employed in this suit. Accordingly, we remand and retain jurisdiction over this matter. An order consistent with this opinion shall follow.

---

[9] Our remand boils down to the trial court conducting two related inquiries. The first is factual and is a two part question: a) did the trial court initially render damages against Mr. Hughley in his official or his individual capacity and b) what was the basis for the trial court's subsequent denial of Mr. Hughley's damages award? The second question is legal and flows from the first, namely: does the VITCA apply and/or is Officer Frederick's shielded from Hughley's civil suit by the doctrine of qualified immunity?